32

NATHAN & AL. vs. LEE.

Nathan & al.
vs.
Lee.

The mortgagee's right under the past *de non alienando* is not repealed by the *Civil Code*.

APPEAL from the court of the first district.

MATHEWS, J. delivered the opinion of the court. In this case the plaintiffs obtained an order of seizure against the defendant, John M. Lee, on a special mortgage ; and E. S. Lee intervened, claiming the same property, which was ordered to be seized, by virtue of a sale and conveyance from the mortgagor. He opposes the summary process of immediate seizure and sale, and to that effect obtained an injunction in the court below ; which was afterwards dissolved and set aside ; and from the order of dissolution the intervening party appealed.

It is admitted as a general principle of law, that mortgaged property in the hands of a third person, cannot be seized, without first pursuing the debtor and mortgagor by an hypothecary action, and fulfilling certain legal formalities required, in favor of such possessor. In the present case, the plaintiffs contend, that they are not bound by ordinary rules on the subject of mortgages, in consequence of a stipulation in the instrument under which they claim prompt execution, by which the mortga-

ger agreed not to aleinate the morgaged pro-
perty to their prejudice. In truth they rely on
an exception to the general principle: This ex-
ception is most clearly established by the
authorities cited in its support; and if they be
law, the appellees must prevail. See *Febro, p.*
1, *chap.* 7, *nos.* 68–89. Same, *p.* 11, *book 3,*
*chap.* 2, *nos.* 84–85. *Curia Ph. mot Tercera*
*poseedor, no.* 11, and the laws refered to by
these commentators. But on the part of ap-
pellant it is contended that this exception in
favor of mortgaged creditors, who are aided
by a pact *non alienando,* is virtually annulled
and repealed by the provisions of the Civil
Code, in relation to mortgages and their ef-
fects, and the rules laid down for pursuing the
action of mortgage.

This Court is of a different opinion. The
mode of proceeding, under orders of seizure
and sale is still directed in a great measure by
the Spanish laws which remain in force in
this country: and it is believed that very little
alteration is introduced in the action of mort-
gage and pursuit of third possessors. But a
mortgaged creditor who acts on a mortgage,
which contains in his favor an agreement of
the debtor not to alienate, is not bound to pur

East'nDistrict.
Dec. 1823.

NATHAN & AL.
vs.
LEE.

sue a third possessor by the action of mort-
gage, but may have the hypothecated proper-
ty seized, in *via executira*, as if no change had
taken place in its possessors; because any
alienation or transfer made in violation of the
pact *non alienando,* is *ipso jure void* as it re-
lates to the creditor.    The counsel for the ap-
pellant, contends that as an agreement not to
alienate to the prejudice of a mortgage stipula-
ted by the parties to a mortgage, is nothing
more than the general provision of the Code
which inhibits the alienation of mortgaged
property, it can produce no other effect on the
rights than those created by the law itself.

By taking into view the whole context of
our Code on the subject of Hypothecations; it
does not appear that alienations or subsequent
mortgages are absolutely prohibited on pain of
nullity; but are only limited in their operations
on prior claims, of superior dignity, either by
privilege, or older mortgage. He who hypothe-
cates his property does not thereby loose the
dominion of it: he may therefore alienate it
subject to the lien already created, which
must be satisfied, before the third possesor can
acquire a complete title.    In such cases the
mode of redress is clearly pointed out and

ought to be pursued. The remedy is different

and more summary; when the mortgagor has
expressly covenanted that he will not alienate;
unless we should consider such a pact as en-
tirely nugatory and unavailing; which would
be contrary to a fundamental reason in the
construction of contracts and statutes, *i. e.* that
full effet should be given to all these provisions,
whenever it can be done without falling into
absurdity.

The judgment of the District Court is com-
plained of as being erroneous, on account of
not containing any reasons as required by the
Constitution of the state. It is believed that
the order of seizure granted in the first instance
was valid without any reasons adduced in its
support. So was the order on which the writ
of Injunction issued. Why should the order
or decree by which the injunction was dissolv-
ed require the aid of reasoning? Because it is
perhaps, final on the rights of the intrevening
party; at least so far as it authorizes a prompt
seizure and sale of the property which he
claims by sale from the debtor and mortgagor;
for it amounts to a declaration of the nullity of
that sale in relation to the mortgage creditors.

It is therefore ordered, adjudged, and de-

creed, that the judgment appealed from be avoided, and reversed, on the ground of the want of reasons.    And proceeding here to give such judgement as in our opinion ought to have been given in the Court below.    It is further ordered, adjudged and decreed that the injunction be dissolved and set aside, and that the plaintiff and appellees be permitted to proceed as if no such injunction had been granted —and that the appellees pay the the costs of this appeal.

*Mazureau* for the plaintiff, *Grymes* for the defendant.